ANSTEAD, Judge,
dissenting.
I think the trial judge acted with eminent good sense under the peculiar circumstances of this case. The appellee has two (2) money judgments against the appellants, one for $61,452.00 entered on January 29, 1988, and not superseded or stayed, and the other for $116,226.00 entered on August 14, 1988, and not superseded or stayed. In each case it is the appellee that is legally entitled to be paid and the appellants that are legally obligated to pay. Only money damages are awarded in the judgments, no equitable relief or liens having been sought or awarded. Under these circumstances I see no error in the trial court permitting the appellee to satisfy the. earlier money judgment out of the appellants’ money placed in the registry of the court to protect the appellee.
If some equitable claim or lien rights were in question, I might agree with the majority. However, since money owed is money owed, I do not see how the appellants can avoid paying the appellee on the first money judgment by claiming that the money in the court registry can only be paid to appellee to satisfy the second judgment. In reality, the appellee is the only one who suffers by the release of funds since its security has been reduced. No additional security or lien rights were sought by, or granted to appellee to replace the disbursed funds. In short, since the same parties are involved, and the claims are only for money damages I see no error by the trial court in allowing appellee to collect a part of its debt from the appellants out of funds put up to secure another debt owed to appellee.
In addition, in an agreed order entered on October 17,1988, the trial court ordered the balance of the money in the registry of the court to be disbursed to the appellee in further satisfaction of the judgments obtained against the appellants. This action effectively moots this appeal. By our reversal we are putting $61,452.00 back in the court registry, only to have the trial court then order those funds paid to appel-lee for money damages still owed.